## Otis K. Hutchinson et al.

### v.

## Ransom W. Dunham.

*Attorney and Client—Services Rendered—Recovery for—Evidence—Instructions.*

1. Instructions should be concise, and briefly present the point of law alone on which the party relies. All useless circumlocution and surplusage should be omitted.

2. In an action brought by attorneys to recover upon a written contract providing for their compensation for certain services, it is improper to allow evidence to be introduced upon the part of the defendant going to show that other attorneys gave their professional attention to the same matter in his behalf, it not appearing that the labors of the plaintiffs were thereby lightened.

3. In an action to recover upon a contract of service in writing, the question as to what the plaintiff was employed to do, should not be left by instructions, hypothetically, to the jury.

[Opinion filed June 25, 1891.]

Appeal from the Superior Court of Cook County; the Hon. Elliott Anthony, Judge, presiding.

Messrs. Cratty Bros. & Ashcraft, for appellants.

Mr. George W. Plummer, for appellee.

Gary, J. The appellee and many others were stockholders in an insolvent (as to tangible assets) corporation. They employed the appellants, who are attorneys at law, to attend to their interests as such stockholders by a writing in which was this clause:

"We further agree to contribute to pay said Hutchinson & Luff reasonable fees for their services in said matters in proportion to the amounts of the stock held by us respectively."

In winding up the corporation, among the services of the appellants were many attendances before a master in chancery. No notice that the appellee had elected to withdraw from the

agreement (the right to withdraw being reserved in the agreement), was ever given to the appellants, nor has there ever been any criticism upon their conduct in the business in which they were employed. The only contest upon the trial was as to how much they ought to recover. In this state of the case, over the objection and exception of appellants, the appellee was allowed to prove that the firm who were his regular attorneys, also bestowed their time and attention upon the matters in charge of the appellants.

There is no pretense that the labors of the appellants were thereby lightened; for all that appears, services thus rendered by that firm were wholly supererogatory. The only possible purpose of such evidence was to reduce the demand of the appellants, and as the verdict was less than they claimed, the admission of such evidence was error that may have operated to their prejudice. In principle, Playford v. Hutchinson, 135 Pa. St. 426, is in point, though the case is the opposite of this.

Under a misapprehension of what a witness had before testified, the court also made a mistake in not permitting the appellants to go further in rebutting the testimony as to the services of that firm.

The case is not so clear that the appellants have recovered as much as they are entitled to, that we would be justified in disregarding these errors.

There are inaccuracies in the instructions. The contract between the parties being in writing, what the appellants were employed to do, was improperly left, hypothetically, to the jury. Anything upon that subject should have been stated unconditionally.

In one instruction it is said that "the fees or compensation of attorneys and solicitors for services rendered and performed stand upon the same footing as the compensation of any other person or persons," and in another, that "the jury are the proper judges of the value of such services;" both of which sentences are misleading if understood literally, and may have induced the jury to undervalue the services of the appellants, and fix upon a sum less than they would have awarded if they had been told that they were to be governed by the evidence.

A careful study of the context of these quotations might put another meaning upon them, but that is not to be expected of a jury. "Instructions should be concise and briefly present the point of law alone on which the party relies." Merritt v. Merritt, 20 Ill. 65.

All useless circumlocution and surplusage should be left out of them.

The judgment must be reversed and the cause remanded.

*Reversed and remanded.*